# UNITED STATES DISTRICT COURT

for the

Northern District of California

ROBERTA RONIQUE BELL

_____
*Petitioner*

v.

WARDEN FCI DUBLIN

_____
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

)
)
)
)
)
)
)
)
)
)

Case No. **CV 17 7346**
*(Supplied by Clerk of Court)*

**FILED**

2017 DEC 28 P 1: 03

SUSAN Y. SOONG
CLERK, US DISTRICT COURT
NO. DIST. OF CA.

**JCS**

**(PR)**

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.     (a) Your full name:    ROBERTA RONIQUE BELL

        (b) Other names you have used:

2.     Place of confinement:

        (a) Name of institution:    FCI DUBLIN

        (b) Address:      5701 8TH STREET - CAMP PARKS

                      DUBLIN, CALIFORNIA 94568

        (c) Your identification number:    08116-067

3.     Are you currently being held on orders by:

      ☑ Federal authorities      ☐ State authorities      ☐ Other - explain:

4.     Are you currently:

      ☐ A pretrial detainee (waiting for trial on criminal charges)

      ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

        If you are currently serving a sentence, provide:

           (a) Name and location of court that sentenced you:    UNITED STATES DISTRICT COURT

              MIDDLE DISTRICT OF PENNSYLVANIA, 228 WALNUT STREET, HARRISBURG, PA 17108

          (b) Docket number of criminal case:      1:95-CR-163

          (c) Date of sentencing:    09/30/1996

      ☐ Being held on an immigration charge

      ☐ Other *(explain):*

**Decision or Action You Are Challenging**

5.  What are you challenging in this petition:

☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☑ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☐ Other *(explain):* _____

_____

_____

6.  Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court:    MIDDLE DISTRICT OF PENNSYLVANIA

(b)  Docket number, case number, or opinion number:    1:95-CR-163

(c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

JUDGMENT AND CONVICTION

(d)  Date of the decision or action:    09/30/1996

**Your Earlier Challenges of the Decision or Action**

7.  **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☑ Yes          ☐ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court:    THIRD CIRCUIT COURT OF APPEALS

(2)  Date of filing:    10/10/1996

(3)  Docket number, case number, or opinion number:    96-7654

(4)  Result:    AFFIRMED

(5)  Date of result:    05/22/1997

(6)  Issues raised:    (1) INSUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION ON THE

TAMPERING COUNTS; (2) DISTRICT COURT LACKED JURISDICTION OVER THE COUNTS OF

CONVICTION BECAUSE THERE WAS NO NEXUS TO ANY FEDERAL INTEREST; (3)

INSUFFICIENT EVIDENCE TO SUSTAIN CONVICTION FOR CONSPIRACY AND GUN COUNTS;

       (4) IMPROPER JURY INSTRUCTION REGARDING ELEMENTS OF TAMPERING COUNTS; (5)

       VIOLATION OF DOUBLE JEOPARDY CLAUSE AFTER DEFEDANT ACQUITTED OF SAME CHARGES

       IN STATE COURT; (6) ERRONEOUS APPLICATION OF SENTENCING GUIDELINES

(b) If you answered "No," explain why you did not appeal: _____

_____

_____

8. **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

❑ Yes           ☑ No

(a) If "Yes," provide:

     (1) Name of the authority, agency, or court: _____

     _____

     (2) Date of filing: _____

     (3) Docket number, case number, or opinion number: _____

     (4) Result: _____

     (5) Date of result: _____

     (6) Issues raised: _____

     _____

     _____

     _____

     _____

     _____

     _____

(b) If you answered "No," explain why you did not file a second appeal: _____

_____

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

❑ Yes           ❑ No

(a) If "Yes," provide:

     (1) Name of the authority, agency, or court: _____

     _____

     (2) Date of filing: _____

     (3) Docket number, case number, or opinion number: _____

     (4) Result: _____

     (5) Date of result: _____

     (6) Issues raised: _____

     _____

     _____

_____
_____
_____

(b)  If you answered "No," explain why you did not file a third appeal:  _____

_____

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☑Yes          ☐No

If "Yes," answer the following:

(a)   Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☑Yes          ☐ No

If "Yes," provide:

(1)  Name of court:  MIDDLE DISTRICT OF PA

(2)  Case number:  1:95-CR-163; 1:96-CV-1685

(3)  Date of filing:  09/16/1996

(4)  Result:    DISMISSED AS PREMATURE

(5)  Date of result:  09/24/1996

(6)  Issues raised:  (1) INEFFECTIVE ASSISTANCE; (2) DOUBLE JEOPARDY VIOLATION; (3) VIOLATION OF DUAL SOVEREIGNTY ; (4) COLLATERAL ESTOPPEL

_____
_____
_____
_____

(b)   Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☑Yes          ☐ No

If "Yes," provide:

(1)  Name of court:  THIRD CIRCUIT COURT OF APPEALS

(2)  Case number:  16-2758

(3)  Date of filing:  06/13/2016

(4)  Result:    stayed

(5)  Date of result:

(6)  Issues raised:   challenge to conviction on count V based on Johnson v. United States

_____
_____

_____
_____
_____
_____

(c)  Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your

conviction or sentence:  I already filed a 2255 years ago before the law changed.  I cannot satisfy the

gatekeeping requirements pursuant to Third Circuit precedent and 2255 relief is not available.  The

district court for the Middle District of Pa. specifically stated that "Bell cannot satisfy the gatekeeping

requirements . . . so section 2255 is foreclosed.  However, she can invoke section 2241 under section

2255's safety valve provision . . . ."  The court acknowledged that "Bell's claims are 'sufficiently colorable

. . . for review under 2241."  See United States v. Roberta Bella, No. 1:95-CR-163 at 10-11 (M.D. Pa.

Sept. 20, 2017) (ATTACHED AS EXHIBIT A).

_____

11.  **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes         ☑ No

If "Yes," provide:

(a)  Date you were taken into immigration custody: _____

(b)  Date of the removal or reinstatement order: _____

(c)  Did you file an appeal with the Board of Immigration Appeals?

☐ Yes            ☐ No

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____
_____
_____
_____
_____

(d)  Did you appeal the decision to the United States Court of Appeals?

☐ Yes            ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

_____

_____

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☑ Yes ☐ No

If "Yes," provide:

(a) Kind of petition, motion, or application: 2255

(b) Name of the authority, agency, or court: Middle District of Pa.

_____

(c) Date of filing: 11/18/1998

(d) Docket number, case number, or opinion number: 1:95-CR-163; 1:98-CV-1879

(e) Result: DENIED

(f) Date of result: 02/01/1999

(g) Issues raised: (1) INEFFECTIVE ASSISTANCE OF COUNSEL; (2) CONVICTION OBTAINED IN VIOLATION OF DOUBLE JEOPARDY; (3) PROSECUTORIAL MISCONDUCT

_____

_____

_____

_____

_____

### Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** In light of subsequent controlling authority in Arthur Andersen LLP v. United States, 544 U.S. 696 (2005) and Fowler v. United States, 563 U.S. 668 (2011), those cases decriminalized the alleged conduct that formed the basis of my two convictions for Tampering with a Witness pursuant to 18 U.S.C. 1512 (counts III and IV).

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

My co-defendant Willie Tyler presented an identical claim, was appointed counsel and was granted a new trial on the identical issue. See United States v. Tyler, 732 F.3d 241 (3d Cir. 2013); United States v. Tyler, 35 F. Supp. 3d 650 (M.D. Pa. 2014).   Recognizing the merits to my claim, I was appointed counsel in the Middle District of Pennsylvania (Edward J. Rymsza). Attempting to obtain relief, Mr. Rymsza filed a motion for relief from judgment pursuant to Rule 60(b)(6) and a Writ of Audita Querela.  In denying relief on September 20, 2017, the court stated "Bell may be entitled to relief. . ." but the court did not have jurisdiction and 2241 should be filed in ND Cal.

(b) Did you present Ground One in all appeals that were available to you?

☑ Yes          ☐ No

**GROUND TWO:** _____

_____

_____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you present Ground Two in all appeals that were available to you?

☐ Yes          ☐ No

**GROUND THREE:** _____

_____

_____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

_____

(b) Did you present Ground Three in all appeals that were available to you?

☐ Yes          ☐ No

**GROUND FOUR:** _____

_____

_____

_____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

_____

(b)  Did you present Ground Four in all appeals that were available to you?

❏ Yes        ❏ No

14.  If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: _____

_____

_____

_____

## Request for Relief

15.  State exactly what you want the court to do:  (1) Appoint counsel; (2) grant a hearing (3) vacate the conviction and sentence and (4) grant a new trial

_____

_____

_____

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

*December 21, 2017*

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: *12/21/17*

*Roberta R. Bell*

*Signature of Petitioner*

_____

*Signature of Attorney or other authorized person, if any*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | |
| | : | CRIMINAL NO. 1:CR-95-163 |
| | : | |
| ROBERTA RONIQUE BELL, | : | |
| Defendant | : | (Judge Caldwell) |
| | : | |
| | : | |

*MEMORANDUM*

I.  *Introduction*

In January 1996, defendant, Roberta Ronique Bell, was found guilty by a jury of obstruction of justice by tampering with a witness by murder and by tampering with a witness by use of physical force and threats.  She was sentenced to life imprisonment, and is currently an inmate at the federal correctional institution in Dublin, California.  Bell has filed a counseled motion under Fed. R. Civ. P. 60(b)(6) for relief from judgment, seeking to reopen her 28 U.S.C. § 2255 proceedings for the purpose of having the convictions vacated.  In the alternative, she seeks relief by way of a petition for a writ of *audita querela*.

Bell's filing is prompted by *Arthur Andersen LLP v. United States,* 544 U.S. 696, 125 S.Ct. 2129, 161 L.Ed.2d 1008 (2005), and *Fowler v. United States,* 563 U.S. 668, 131 S.Ct. 2045, 179 L.Ed.2d 1099 (2011), both decided after her 2255 motion was denied.  She argues these cases decriminalized the conduct that was the basis of her convictions.  She points out that Willie Tyler, a co-conspirator, successfully used these

*Copy to client @ FCI Dublin 9/21/17*

decisions to vacate his convictions on the same offenses. *See United States v. Tyler*, 732 F.3d 241 (3d Cir. 2013), and *United States v. Tyler*, 35 F. Supp. 3d 650 (M.D. Pa. 2014).

We do not reach the merits of Bell's claims because we agree with the government that Bell must pursue them in a petition under 28 U.S.C. § 2241. We lack jurisdiction over such a petition because Bell must file it in the district of her confinement and where her custodian is located, the United States District Court for the Northern District of California. We will therefore dismiss this motion without prejudice to Bell's filing a 2241 petition in that judicial district.

II. *Background*

On April 21, 1992, Doreen Proctor was murdered in Adams County, Pennsylvania. Proctor was to be a witness later that day in a state-court drug trial against David Tyler, Willie Tyler's brother. In July 1992, Bell was arrested and charged under state law with Proctor's murder. Others charged and arrested were David Tyler, Willie Tyler, Jerome King, David King, and Mary Hodge.

Bell was tried in Adams County for criminal homicide and related offenses. In April 1993, she was acquitted of all charges. Federal authorities then conducted their own investigation of the Proctor homicide, leading to the filing of federal charges against Bell and Willie Tyler. Bell and Tyler were prosecuted separately.[1]

------

[1] The case against Tyler was docketed at No. 1: 96-CR-106 (M.D. Pa.).

-2-

In January 1996, Bell was found guilty by a jury of the following offenses: (1) conspiracy, in violation of 18 U.S.C. § 371 (Count I); (2) tampering with a witness by murder, in violation of 18 U.S.C. § 1512(a)(1)(A) and (C) (Count III); (3) tampering with a witness by use of physical force and threats, in violation of 18 U.S.C. § 1512(b)(1), (2), and (3) (Count IV); and (4) using a firearm to commit a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count V).[2]

On September 16, 1996, before she was sentenced, Bell filed a motion to vacate under section 2255. (Doc. 86). On September 24, 1996, the motion was dismissed (Doc. 90), based upon being premature. (Doc. 133, Bell's Motion for Relief from Judgment ¶ 10). On September 30, 1996, Bell was sentenced to life imprisonment, consisting of a term of five years on Count I, life imprisonment on Count III, ten years on Count IV, to run concurrently with each other, and ten years on Count V, to run consecutively to the term imposed on Count III. (Doc. 92).

Her convictions were upheld on direct appeal. *See United States v. Bell,* 113 F.3d 1345 (3d Cir. 1997). In November 1998, Bell filed a pro se motion under section 2255. It raised the following grounds for relief:

> 1. Ineffective assistance of counsel: "[Trial counsel] showed a total lack of devotion to defendant's interests, he had very little contact with the defendant, he failed to send an investigator, and he failed to request a continuance when, due to the weather, we were told that there was a shortage of jurors. (Please see attachment)"

---

[2] Bell was acquitted of the offense charged in Count II, murder for hire under 18 U.S.C. § 1958.

2. Double jeopardy: "The Constitution states that a person shall not be twice put in jeopardy of life of limb (sic) for for (sic) the same offense."

3. Due Process: "Trooper Graham tampered with evidence and manufactured notes containing incriminating evidence against the defendant. He misled the court."

4. Vindictive Prosecution: "I was reprosecuted because the lead investigator was angry about having to take the stand at my first trial as my rebuttal witness, therefore rebutting his whole case against me."

(Doc. 114, ECF pp. 4-5). By order dated February 1, 1999, we denied the motion. We rejected the first and third grounds for relief because they were conclusory. We rejected the second ground for relief because it had already been decided adversely to Bell. We rejected the fourth ground for relief because, in part, Bell did not show why it could not have been raised in the original criminal proceedings. (Doc. 117, ECF pp. 3-4). Bell did not seek a certificate of appealability from the Third Circuit. (Doc. 133, Def.'s Rule 60(b) motion ¶ 18).

Thereafter, Bell did not seek any further relief from her convictions except that in June 2016 she sought permission from the Third Circuit to file a second 2255 motion challenging her conviction on Count V under *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). *In re Bell*, No. 16-2758 (3d Cir.). And in the same month, she protectively filed a 2255 motion in this court making the same claim. (Doc. 120).

-4-

III.   *Discussion*

As noted, Bell seeks to vacate only two of her convictions: Count III, for

obstruction of justice by tampering with a witness by murder, in violation of 18 U.S.C. §

1512(a)(1)(A) and (C); and Count IV, tampering with a witness by use of physical force

and threats, in violation of 18 U.S.C. § 1512(b)(1), (2), and (3). And because she relies

on *Arthur Andersen LLP v. United States,* 544 U.S. 696, 125 S.Ct. 2129, 161 L.Ed.2d

1008 (2005), and *Fowler v. United States,* 563 U.S. 668, 131 S.Ct. 2045, 179 L.Ed.2d

1099 (2011), our only concern is with two elements common to both Counts: tampering to

prevent a person's "testimony" "in an official proceeding," §§ 1512(a)(1)(A) and

1512(b)(1), called the "official proceeding provision," and tampering to "prevent" a

"communication" "to a law enforcement officer," §§ 1512(a)(1)(C) and 1512(b)(3), called

"the investigation-related communication provision." An "official proceeding" must be a

federal proceeding, 18 U.S.C. § 1515(a)(1)(A), and "a law enforcement officer" must be a

federal law enforcement officer. *Id.* § 1515(a)(4)(A).

In *Arthur Andersen,* the Supreme Court held that, in order to satisfy the

official proceeding provision, the government had to show, as pertinent here, that the

defendant sought to interfere with a witness "and acted 'in contemplation [of a] particular

official proceeding.'" *United States v. Tyler,* 732 F.3d 241, 248 (3d Cir. 2013)(quoting

*Arthur Andersen,* 544 U.S. at 708, 125 S.Ct. at 2137). Before *Arthur Andersen,* the Third

Circuit did not require the government to show that the defendant had contemplated a

particular federal proceeding. *Id.* at 250 n.9. In making this point, the Third Circuit cited

its opinion on Bell's direct appeal to illustrate its now invalid approach to the official proceeding provision. *Id.*

In *Fowler*, in order to satisfy the investigation-related communication provision, the Supreme Court held that the government must show that, "if [the defendant] did not have a particular federal law enforcement officer in mind, then the Government must establish 'a reasonable likelihood' that had [the victim] "communicated with law enforcement officers, at least one relevant communication would have been made to a federal law enforcement officer." *Tyler*, 732 F.3d at 251 (quoting *Fowler*, 563 U.S. at 677, 131 S.Ct. at 2052) (emphasis omitted).  Before *Fowler*, the Third Circuit "only required proof that the defendant believed that [the witness] might communicate with the *federal* authorities." *Tyler*, 732 F.3d at 251 (quoted case and internal quotation marks omitted)(alteration in original).

Willie Tyler, Bell's co-conspirator, was found guilty in a separate trial of the same offenses.  In light of *Arthur Andersen* and later *Fowler*, he filed a motion seeking relief by way of a petition for a writ of *audita querela*, a petition for a writ of *coram nobis*, and a motion under Fed. R. Civ. P. 60(b).  We decided he could only seek relief under 28 U.S.C. § 2241.  *United States v. Tyler*, 2012 WL 951479, at *5-6 (M.D. Pa. Mar. 20, 2012).  We denied relief. *Id.* at *14.

The Third Circuit reversed and remanded so that Tyler could show his actual innocence of the offenses.  732 F.3d at 253.  On remand, the government conceded the convictions could no longer be upheld under the official proceeding

-6-

provision. *United States v. Tyler*, 35 F. Supp. 3d 650, 653 (M.D. Pa. 2014).[3] We decided that Tyler was entitled to a new trial on the charges based on the investigation-related communications provision. *Id.* at 656.[4]

Bell argues she is entitled to the same relief Willie Tyler received, a vacatur of both convictions, as the facts and the law are the same as to both defendants.

Bell may be entitled to relief, but the preliminary issue we must address is whether she is entitled to relief by way of Fed. R. Civ. P. 60(b)(6) or by way of a petition for a writ of *audita querela*. The government asserts she must present her claims by way of a petition under 28 U.S.C. § 2241, which must be filed in the district of her confinement – the Northern District of California.[5]

A. *Bell may not rely on Fed. R. Civ. P. 60(b)(6)*

Bell seeks to utilize Fed. R. Civ. P. 60(b)(6) to reopen her 2255 motion filed in November 1998 so that she can vacate her tampering convictions under *Arthur Andersen* and *Fowler*.

---

[3] The government makes the same concession here in regard to Bell's convictions.

[4] On retrial in July 2017, a jury once again found Tyler guilty on both counts. *United States v. Tyler*, No.1: 96-CR-106 (M.D. Pa.)(Doc. 525).

[5] Willie Tyler has been imprisoned at USP-Lewisburg, Pennsylvania, within this judicial district, so his place of confinement was not an issue when he sought relief from his convictions.

Rule 60(b)(6) allows relief from a judgment for "any other reason that justifies relief." It is the catchall provision of Rule 60(b).[6] Rule 60(b) may be invoked in habeas cases. *Gonzalez v. Crosby*, 545 U.S. 524, 534, 125 S.Ct. 2641, 2649, 162 L.Ed.2d 480 (2005)(Rule 60(b) has an "unquestionably valid role to play in habeas cases"). But "relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'" *Buck v. Davis*, ____ U.S. ____, ____, 137 S.Ct. 759, 778, 197 L.Ed.2d 1 (2017)(quoting *Gonzalez*, 545 U.S. at 535, 125 S.Ct. at 2649). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Id.* at ____, 137 S.Ct. at 778 (quoted case omitted). Extraordinary circumstances may also exist where, without Rule 60(b)(6) relief, "an extreme and unexpected hardship would occur." *Cox v. Horn*, 757 F.3d 113, 115 (3d Cir. 2014)(quoted case omitted). A change in the law may itself, or in combination with other factors, constitute extraordinary circumstances justifying relief under Rule 60(b)(6). *Id.* at 124. The Third Circuit has "long employed a flexible, multifactor approach to Rule 60(b)(6) motions, including those built upon a post-judgment change in the law, that takes into account all the particulars of a movant's case." *Id.* at 122. Among other things, the court can consider: whether the motion was made within a reasonable time or within the time prescribed by the Rule, "whether there are any

---

[6] Rule 60(b)(1) through (5) allow relief from a judgment in five specific situations which we need not detail here.

intervening equities which make it inequitable to grant relief"; and "any other factor that is relevant to the justice of the order under attack . . . ." *Lasky v. Cont'l Prods. Corp.*, 804 F.2d 250, 256 (3d Cir. 1986)(quoted treatise omitted).

Bell relies on the following factors to show she satisfies the requirements of Rule 60(b)(6). First, there is the material change in the law made by *Arthur Andersen* and *Fowler*, which would have made her section 2255 motion successful if the decisions had been available at the time she filed that motion.[7] Second, the motion was made within a reasonable time as even a delay of several years is not enough to defeat it, given her pro se status and that she was unaware of the *Arthur Andersen* and *Fowler* decisions, and of Willie Tyler's successful litigation. Third, "there is no impact if the judgment is reopened" as "[n]o party has relied on the judgment in this case. Ms. Bell has remained in federal prison. The Government has not taken any subsequent action in reliance on the judgment." (Doc. 134, Def.'s Br. in Supp. at ECF p. 14). "Thus, if reopened, 'the parties would simply pick up where they left off,'" (citing *Phelps v. Alameida*, 569 F.3d 1120, 1138 (9th Cir. 2009)). Finally, since Willie Tyler was granted relief on the same issues Bell raises here, Bell's 2255 motion should be reopened to grant her the same relief he received. Bell argues Rule 60(b)(6) can be used to avoid

---

[7] Bell asserts that her pre-sentencing section 2255 motion, dismissed as premature, set forth a challenge to federal jurisdiction, the "nexus" required for the offense, (Doc. 134, Br. in Supp. at ECF p. 13), but makes no attempt to tie that observation into her argument, which is based on reopening the second section 2255 motion she filed. It appears that such an argument would not be successful in any event.

inconsistent judgments, citing *Ameritech Corp. v. Int'l Bhd. of Elec. Workers, Local 21*, 543 F.3d 414, 419-20 (7th Cir. 2008).

We need not weigh the above factors. We agree with the government that Bell cannot rely on Rule 60(b)(6) when she has resort to 28 U.S.C. § 2241 to present her claims. Access to section 2241 for adjudication of her claims would mean that no extraordinary circumstances exist for the purposes of Rule 60(b)(6), as Bell would not suffer any extreme or unexpected hardship, nor would there be any risk she would suffer injustice.

Bell can employ section 2241 as she is claiming that changes in the law after her 2255 motion was adjudicated decriminalized the conduct that was the basis of her convictions. The government relies on Third Circuit law, *Tyler*, *supra*, 732 F.3d at 246, and *In re Dorsainvil*, 119 F.3d 245, 250 (3d Cir. 1997), in arguing that Bell can invoke section 2241 in these circumstances.

We agree. The analysis under Third Circuit law is the same as applied to Willie Tyler. Bell has already had a section 2255 motion adjudicated, so she cannot file another 2255 motion unless she satisfies the section's gatekeeping requirements. *See* 28 U.S.C. § 2255(h). Bell cannot satisfy the gatekeeping requirements, *Dorsainvil,* 119 F.3d at 247–48, so section 2255 is foreclosed. However, she can invoke section 2241 under section 2255's safety-valve provision, § 2255(e), because of the nature of her claims and how it is that she did not present them as part of her section 2255 motion. Bell is claiming that in light of *Arthur Andersen* and *Fowler* an essential element of both of

-10-

her convictions was not proven, with the result that she was convicted of conduct that was not criminal. Additionally, she was not able to present these claims in her section 2255 motion because the Supreme Court had not yet decided *Arthur Andersen* and *Fowler*. In these circumstances, section 2241 is available. *See Dorsainvil,* 119 F.3d at 251–52 (section 2241 is available when section 2255 is inadequate or ineffective because its gatekeeping requirements prevent a petitioner from presenting a claim that a change in the law after his 2255 motion was considered has made the conduct for which he was convicted no longer criminal). Bell's claims are "sufficiently colorable . . . for review under § 2241." *Id.* at 252.

Although Bell can invoke section 2241, we cannot entertain the petition. As the Supreme Court noted in *Rumsfeld v. Padilla*, 542 U.S. 426, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004), the proper respondent in a 2241 petition is "the person who has custody over" the petitioner. *Id.* at 434, 124 S.Ct. at 2717 (quoting 28 U.S.C. § 2242). The respondent is the "immediate custodian," the person with the power to produce the person before the court and to release him if proper to do so. *Id.* at 435, 124 S.Ct. at 2717 (citing 28 U.S.C. § 2243). As *Rumsfeld* also noted, "[d]istrict courts are also limited to granting habeas relief 'within their respective jurisdictions,'" *id.* at 442, 124 S.Ct. at 2722 (quoting 28 U.S.C. § 2241(a)), meaning "'that the court issuing the writ have jurisdiction over the custodian.'" *Id.*, 124 S.Ct. at 2722 (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495, 93 S.Ct. 1123, 1130, 35 L.Ed.2d 443 (1973)). This requires that the custodian be within the territorial jurisdiction of the issuing court.

-11-

*Id.* at 445, 124 S.Ct. at 2723. *See also Bruce v. Warden Lewisburg USP*, ____ F.3d ____, ____, 2017 WL 3597705, at *4 (3d Cir. 2017)("Longstanding practice under this immediate custodian rule "confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held.")(quoting *Rumsfeld*, 542 U.S. at 435, 124 S.Ct. at 2178).

It follows that Bell's 2241 petition must be filed against the warden at FCI Dublin, California, her immediate custodian, and in the federal district court where the warden is located, the United States District Court for the Northern District of California.

We add that there is no issue whether a federal court in California would entertain a 2241 petition by Bell as Ninth Circuit law would also permit Bell to file a 2241 petition in similar circumstances. *See Alaimalo v. United States*, 645 F.3d 1042, 1047-49 (9th Cir. 2011); *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006); *Smith v. Warden, FCI Victorville*, No. 14-CV-1283, 2015 WL 5159182 (C.D. Cal. June 30, 2015)(entertaining a section 2241 petition challenging convictions in the Eastern District of Pennsylvania on the basis that the petitioner was actually innocent in light of *Fowler*)(magistrate judge report adopted at 2015 WL 5156459). See *also Bruce*, ____ F.3d at ____, 2017 WL 3597705, at *5 (observing that Ninth Circuit law is in accord with Third Circuit law on the availability of section 2241 in circumstances similar to Bell's)(citing *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012)).

-12-

Bell has made another argument concerning Rule 60(b)(6) relief.  She asserts she is entitled to such relief because "courts have permitted non-parties to seek relief under Rule 60(b) where their interests were 'directly or strongly affected by the judgment,'" quoting *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 940 (6th Cir. 2013). She also argues that courts have applied Rule 60(b) in multi-defendant litigation to vacate judgments against non-appealing defendants, and not just successfully appealing defendants, citing *Atlantic Cas. Ins. Co. v. Paszko Masonry, Inc.*, No. O9-CV-7452, 2014 WL 1847830, at *3-4 (N.D. Ill. May 8, 2014).

Bell argues that she and Willie Tyler were co-conspirators involved in the same crimes.  She also argues she "is directly affected by the Tyler judgment vacating [his] convictions and granting [him] a new trial." (Doc. 134, Def.'s Br. in Supp. at ECF p. 16).  It follows for her that the above cases would allow her to use Rule 60(b)(6) to vacate her convictions on the same grounds that Willie Tyler's were vacated.

We disagree that the cases cited assist Bell.  The judgment from which relief is sought would not be the judgment vacating Tyler's convictions; it would be his original criminal judgment.  Bell was not directly affected by that judgment; she had her own criminal judgment.  As for considering co-conspirators as part of a multi-defendant case, again the relevant judgment would be the judgment in Tyler's case.  But Bell was not subject to that judgment, so there would be no reason for granting her relief from that judgment.  Of course, the grounds upon which Tyler's convictions were reversed and a

-13-

new trial granted might also apply to Bell. Those issues can be adjudicated in a section 2241 petition by Bell.

Although the parties have not briefed the issue, the undersigned sees another reason why Bell cannot invoke Rule 60(b)(6). Bell has cited several cases where a change in the law was presented as part of the argument for reopening a postconviction motion under Rule 60(b)(6). In *Buck*, the petitioner cited in part the change in the law of procedural default effected by *Martinez v. Ryan,* 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), and *Trevino v. Thaler,* ____ U.S. ____, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013), as a reason to reopen his 28 U.S.C. § 2254 habeas petition so that a claim of ineffective assistance of trial counsel presented in the petition could now be considered on the merits instead of being dismissed as procedurally defaulted. ____. U.S. at ____, 137 S.Ct. at 771-72. Similarly, in *Cox*, the petitioner also cited *Martinez* as a reason to reopen his section 2254 petition so that claims procedurally barred in the past could now be considered on the merits. 757 F.3d at 115. In *Doe*, the defendant sought to reopen his section 2255 motion so that a claim it presented that was unsuccessful under prior law, that two convictions for simple assault were not "crimes of violence" under the sentencing guidelines making him eligible for a sentencing enhancement as a career offender, could be adjudicated under current law, law that favored the success of his claim. 810 F.3d at 138.

In the instant case, Bell does not assert that a change in law would now permit consideration of the merits of any claim in her 2255 motion that had previously

-14-

been procedurally barred. Nor has she asserted the change in law means that a claim

previously denied on the merits is now meritorious. Additionally, review of the grounds

she presented in her 2255 motion indicates she made no arguments there concerning the

statutory elements of her offenses. Instead, she is making a new claim for relief. In

these circumstances, it appears that her Rule 60(b)(6) motion is actually a second or

successive 2255 motion that we lack jurisdiction to adjudicate.

Section 2255's gatekeeping provision, 28 U.S.C. § 2255(h), has an effect

on Rule 60(b)'s application to a 2255 motion. Under the gatekeeping provision, we lack

jurisdiction to consider a second or successive 2255 motion unless the Third Circuit

authorizes us to consider it. *See Pelullo v. United States,* 352 F. App'x 620, 625 (3d Cir.

2009)(nonprecedential). So that this limitation on the filing of a second or successive

2255 motion is not circumvented, a motion under Rule 60(b) will be treated as a 2255

motion if in substance it presents a claim for relief from the criminal judgment. *Gonzalez,*

545 U.S. at 531-32, 125 S.Ct. at 2647-48.[8] This will happen if the Rule 60(b) motion (1)

presents a new claim for relief from the criminal judgment or (2) presents a claim that the

court's resolution of a previous claim in section 2255 proceedings attacking the criminal

judgment was erroneous. *Id.* at 532, 125 S.Ct. at 2648.[9] On the other hand, if a Rule

60(b) motion only challenges "some defect in the integrity of the federal habeas

---

[8] *Gonzalez* dealt with a petition under 28 U.S.C. § 2254, but it also applies to motions under section 2255. *See United States v. Galindez,* 556 F. App'x 70, 71-72 (3d Cir. 2014)(nonprecedential).

[9] This second category would not apply to Rule 60(b)(6) motions relying on a change in law in regard to a previous claim. *See Doe,* 810 F.3d at 151-52.

proceedings," *id.*, 125 S.Ct. at 2648 (footnote omitted), or the district court's "failure to reach the merits," it is not treated as a 2255 motion. *Id.* at 538, 125 S.Ct. at 2651.

Here, Bell is presenting new claims for relief from the criminal judgment, that *Arthur Andersen* and *Fowler* decriminalized the conduct that was the basis of her convictions on Counts II and IV. Thus, her Rule 60(b)(6) motion is essentially a second or successive 2255 motion that we lack jurisdiction to consider. Of course, as noted above, section 2255's safety-valve provision, § 2255(e), permits her to file a section 2241 petition raising her claims.

### B. *Bell cannot rely on a petition for a writ of* audita querela

In the alternative, Bell contends she can file a petition for a writ of *audita querela*. "The common law writ of *audita querela* permitted a defendant to obtain 'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment.'" *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009)(quoted case omitted).

The writ of *audita querela* "is available in criminal cases to the extent it fills in gaps in the current system of post-conviction relief." *Id.* However, "[t]here is no gap to fill in the post-conviction remedies" because a defendant may rely on a motion under 28 U.S.C. § 2255 "to collaterally challenge a federal conviction or sentence." *Id.* (footnote omitted). And if section 2255 is "inadequate or ineffective" to test the legality of her detention, the defendant has resort to section 2241. *Id.* at 174 n.1.

-16-

It follows that a petition for a writ of *audita querela* is not available to present Bell's claims. Bell has cited *United States v. Kenney*, No. 99-CR-280, 2017 WL 621238 (M.D. Pa. Feb. 15, 2017), in support of using this writ. However, *Kenney* is distinguishable. The court stated there that *audita querela* could not be used when relief was available by another means of review. *Id.* at *4. The court found no other means of review for the defendant's claim, *id.*, so the court adjudicated it under *audita querela*. Here, in contrast, Bell can invoke section 2241.

In her reply brief, Bell argues that consideration of judicial economy supports our exercise of jurisdiction, as the case was tried here and all the witnesses and evidence are in this district. She says "a wholesale shifting of this case to an entirely new forum which is disconnected with any of the familiarity of the case would result in a colossal misuse of judicial resources." (Doc. 138, Bell's Reply Br. at ECF p. 5)(footnote omitted). Since we have decided that Bell must file a section 2241 petition and such petitions must be filed against the petitioner's custodian in the district of confinement, we cannot consider judicial economy in deciding whether to adjudicate this case ourselves. A lack of familiarity with the case always arises when a defendant can file a section 2241

petition in the district of confinement rather than in the district of conviction and sentencing.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 20, 2017

-18-

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| vs. | : |
| | : CRIMINAL NO. 1:CR-95-163 |
| ROBERTA RONIQUE BELL, | : |
| Defendant | : |
| | : (Judge Caldwell) |
| | : |
| | : |

*O R D E R*

AND NOW, this 20th day of September, 2107, it is ordered that Defendant's

motion (Doc. 133) under Fed. R. Civ. P. 60(b)(6) for relief from judgment, and in the

alternative, petition for a writ of *audita querela* is denied.  Denial is without prejudice to

the filing of a petition under 28 U.S.C. § 2241 in the appropriate district court.


/s/William W. Caldwell
William W. Caldwell
United States District Judge